**Ninth Circuit Court of Appeals No. 24-4818**

**IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

---

**UNITED STATES OF AMERICA,**

Plaintiff-Appellee

vs.

**GABRIEL COWAN METCALF,**

Defendant-Appellant

---

**SUPPLEMENTAL BRIEF OF DEFENDANT-APPELLANT**
ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION
DISTRICT COURT NO. CR-23-103-BLG-SPW
SUSAN P. WATTERS
UNITED STATES DISTRICT COURT JUDGE

RACHEL JULAGAY
Federal Defender, District of Montana
**\*RUSSELL A. HART**
**\*EDWARD WERNER**
Assistant Federal Defender
Federal Defenders of Montana
175 North 27th Street, Ste. 401
Billings, MT  59101
Telephone:  (406) 259-2459
          *Counsel for Defendant-Appellant

SUBMITTED:   June 30, 2025

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................. i

TABLE OF AUTHORITIES ......................................................................... ii

I. INTRODUCTION .............................................................................. 1

II. ARGUMENT ....................................................................................... 3

III. CONCLUSION ................................................................................. 10

IV. CERTIFICATE OF COMPLIANCE ............................................. 11

V. CERTIFICATE OF SERVICE ....................................................... 12

# TABLE OF AUTHORITIES

TABLE OF CASES                                                                                      Page

Federal Cases

*United States v. Rehaif*,
    588 U.S. 225 (2019)……………………….……………………………..*passim*
*United States v. Singh*,
    979 F.3d 697 (9ᵗʰ Cir. 2020) ………………………………………………...2
*United States v. Johnson,*
    979 F.3d 632 (9ᵗʰ Cir. 2020)…………….…..……………………...2, 3
*Greer v. United States,*
    593 U.S. 503 (2021)……..…..………………………………………….2
*United States v. Benamor*,
    937 F.3d 1182 (9ᵗʰ Cir. 2019)……………………………………….2

STATUTES AND RULES

Federal Statutes
Rule 51(b), F.R.Crim.P.……………………………………………………..1
Rule 52(b), F.R.Crim.P.……………………………………………………..2
18 U.S.C. § 922(q)(2)(A)…………………………………………………*passim*
18 U.S.C. §922(q)(2)(B)(ii)………………………….……………………*passim*
18 U.S.C. §922(g)(5) ……………………………………………………..7
18 U.S.C. § 924(a)(2)……………………………………………………7

State Statutes
Mont. Code Ann. § 45-8-360…………………..……………………....4, 5, 6

**Ninth Circuit Court of Appeals No. 24-4818**

**IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee

vs.

GABRIEL COWAN METCALF,

Defendant-Appellant

**SUPPLEMENTAL BRIEF OF DEFENDANT-APPELLANT**

The minimal demand of fairness to which any just society holds its criminal laws must at least require that they provide notice to the public in a manner that is sufficiently clear so that the citizens may be informed of what the law is before they act. The defect of fairness in this unique application of this unique law is incurable.

## I. INTRODUCTION

"A party may preserve a claim of error by informing the court – when the court ruling or order is made or sought – of the action the party wishes the court to take, or the party's objection to the court's action and the grounds for that objection." Rule 51(b), F.R.Crim.P. Metcalf made objections before the district court concerning how Montana law informed his intent which satisfied Rule 51(b), both

1

in the briefs supporting his Motion to Dismiss Indictment and at the pretrial conference. When Metcalf's Motion was made, the law of this Circuit appeared to foreclose application of the *Rehaif* principle beyond knowledge of prohibited status. See *United States v. Singh*, 979 F.3d 697 (9th Cir., 2020). A more acute defect in fairness than that confronted by the Supreme Court in *Rehaif* has resulted from the District Court Order from which Metcalf appeals.

After the United States Supreme Court's decision in *Rehaif v. United States*, 588 U.S. 225 (2019), this Court reasoned in *United States v. Johnson*, 979 F.3d 632 (9th Cir., 2020), that a district court which "omit[s] the knowledge of status requirement" of *Rehaif* "applies the wrong legal standard" in assessing guilt. *Johnson*, at 636. The next year, the United States Supreme Court clarified in *Greer v. United States*, 593 U.S. 503 (2021), that a *Rehaif* error provides a basis for plain error review if a defendant first represents on appeal that he would have presented trial evidence that he did not know of his prohibited status. *Greer*, at 509.

"A plain error that affects substantial rights may be considered even though it was not brought to the court's attention." Rule 52(b), F.R.Crim.P. The record shows "(1) there was an error, (2) the error is clear or obvious, (3) the error affected [Metcalf's] substantial rights, and (4) the error seriously affected the fairness, integrity, or public reputation of judicial proceedings". *Johnson*, at 636, quoting *United States v. Benamor*, 937 F.3d 1182, 1188 (9th Cir. 2019).

2

Where a defendant has not preserved at the trial court the issue of whether the United States was required to prove his knowledge of prohibited status, this Court has engaged in plain-error review of the "entire record on appeal – not just the record adduced at trial – in assessing whether [the Defendant] has satisfied the fourth prong of plain-error review." *United States v. Johnson*, 979 F.3d 632, 637 (2020). At the pretrial conference, the District Court issued rulings over Metcalf's objection that foreclosed any trial argument concerning how his legal status under Montana law to possess a firearm on the sidewalk outside his home impacted his mens rea, facilitating his change of plea. Whatever standard this Court deems applicable, Mr. Metcalf urges it to consider the entire record on appeal as it did in *Johnson*.

## II. ARGUMENT

The law in 2023 told Metcalf his right to act as he did was enshrined in the United States Constitution and statutorily protected by the law of his eventual conviction. Given the District Court's Order concerning Montana's §922(q)(B)(ii)-specific licensing law, Gabriel Metcalf has been convicted of violating the Act under circumstances from which no citizen could have ascertained his conduct to be unlawful. This is an error, it is clear from review of the record (ER_21–59), it affected Metcalf's substantial rights, and such a conviction will negatively impact the fairness of his judicial proceedings in violation of the *Rehaif* principle by sustaining a conviction obtained where absence of criminal intent is a matter of law.

3

In Metcalf's Reply Brief supporting his Motion to Dismiss filed in the District Court, he addressed the United States' argument that Mont. Code Ann. § 45-8-360 does not, as it purports to do, provide citizens such as him protection from prosecution under the Act:

> To follow the Government's argument would strip Montanans of the protection from federal prosecution they've had for 28 years. Congress had the opportunity to implement a uniform standard when it passed the GFSZA in 1990, and again in 1995 when it was amended. Instead, it invited the patchwork of state licensing systems that followed, and the United States has now at least twice gone to court arguing that a citizen should bear the consequences for what it deems an insufficient state licensing system – one Congress explicitly declined to implement themselves and delegated to the states.

ER_106.

Flowing from that Order, Metcalf is now criminally convicted for conduct the law informed him to be lawful, owing only to a yet-to-be-articulated legal defect in a previously untested state law. Even though 18 U.S.C. § 922(q)(B)(ii) informed the citizens of the United States that they may do exactly what Mr. Metcalf did in this case so long as they have a license "to do so" issued by their state; even though Montana's applicable law informed the citizens of Montana that Mr. Metcalf and those similarly situated had a license specifically "to do so"; and even though the United States Department of Justice did not previously exercise its authority under the Supremacy Clause to challenge in civil court the validity of this 28-year-old law which it must have first deemed inadequate when its Criminal Division charged this

4

case, Metcalf appears now having been criminally punished for a felony offense by a United States District Court for possessing a firearm on the sidewalk in front of his house when he couldn't have possibly known it was unlawful to do so.

This was evident on March 25, 2024, when Metcalf and the United States met at the District Court for his trial. During the pretrial conference, the United States addressed its motion in limine that sought to prevent a "defense of entrapment by estoppel" by asking "state witnesses whether they told the defendant he was in violation of state law or not, or the fact he was not in violation of state law". ER_22. The defense argued that fact and those statements were relevant to Metcalf's mental state concerning whether he knew "or had reasonable cause to believe" he was in a federal school zone. ER_23. The United States responded that it was not required to prove Metcalf knew his actions were unlawful under federal law. *Id*. The Court granted the Government's motion. *Id*.

Metcalf's change of plea immediately followed from which he emerged with only his right to appeal the District Court's denial of his Motion intact. As part of its proffer, the Government stated Mr. Metcalf "knew that he was in a school zone" when he possessed a firearm. ER_58. When asked by the Court if he disagreed with any portion of that proffer, Mr. Metcalf said "Um, at the time I did not realize that I was in a school zone." *Id*. The Court responded "Okay. But do you understand that whether you knew that or not is not a defense?" *Id*. Mr. Metcalf responded "I do"

5

before the Court accepted his plea. *Id.* The record demonstrates a lack of criminal intent concerning whether Metcalf had "reasonable cause to believe" he had entered a federal "school zone" by stepping onto his sidewalk with a firearm, and it is undisputed that the law of his State told him unequivocally that his actions were legal and constitutionally protected at the time he did so. The jury would not have known this had Metcalf proceeded to trial following that ruling: Metcalf would have been convicted using a tape measure under what amounts to a strict liability theory.

By stepping onto the sidewalk that runs across his yard, it is presumed that Metcalf "knew or had reasonable cause to believe" he was entering a "school zone" within which his Second Amendment rights did not apply. Uniquely in Montana, it was also presumed that, before stepping on the sidewalk, Metcalf should have reasoned that a court would later rule that, in 1995, the State hadn't complied with §922(q)(B)(ii)'s mandate that "the law of the State … requires that, before an individual obtains such a license, the law enforcement authorities of the State or political subdivision verify that the individual is qualified under law to receive the license". Mr. Metcalf submits that the presumption in favor of scienter that underpinned the Supreme Court's *Rehaif* decision favors the same outcome in this case considering Metcalf's undisputed status as a holder of a Montana license that purported to comply with the Act and allow him to do precisely what he has been convicted of.

In *Rehaif*, a defendant challenged his conviction for violating 18 U.S.C. § 922(g)(5), possession of a firearm by an unlawful alien. *Rehaif*, at 227. At the time, a person who "knowingly" violated that provision could be punished by up to 10 years of imprisonment. 18 U.S.C. § 924(a)(2) (2015). The Supreme Court held that the word "knowingly" as used in §924(a)(2) required the government to prove both that the defendant knew he engaged in the conduct of possessing a firearm ***and*** his status as an alien unlawfully in the United States. *Id*. (emphasis added).

The statutes at issue in *Rehaif* and §922(q)(2)(A) each contain four elements, three of which they share in common: each contains a (1) possession element (one must "knowingly possess") (2) a firearm element (a firearm), and (3) a jurisdictional element (that has traveled in or otherwise affect's interstate commerce) as prerequisites to criminal liability. The knowing possession of a firearm that has affected interstate commerce, alone, satisfies all three elements common to the Act and §922(g)(5), but meeting each of these elements without more is lawful in the United States. A criminal act requires a fourth element that makes such possession unlawful and is generally based on where the firearm was possessed, the type of firearm possessed, or the legal status of the person who possesses the firearm.

Whereas the fourth element in *Rehaif* concerned the defendant's prohibited status, the Act contains a fourth element which requires a different mens rea and concerns a time/place prohibition on possession rather than a status element: under

7

the Act the Government must prove that Metcalf's otherwise lawful possession occurred at a place he "kn[ew] or ha[d] reasonable cause to believe is a school zone". 18 U.S.C. § 922(q)(2)(A). The Act's unique mens rea and its interplay with Mont. Code Ann. § 45-8-360 provide a path to a narrow holding if the Court applies the *Rehaif* principle beyond knowledge of status in this case.

While Metcalf maintains his Montana license is valid, whether § 45-8-360 achieved technical compliance with §922(q)(2)(B)(ii) is irrelevant to the otherwise simple reality that conclusively establishes his lack criminal intent: the federal law delegated licensing to the states, and the law of Metcalf's State told him he had one. No sign told him he could not possess a firearm. ER_159. That a District Court would later find the State of Montana derelict in enacting the law that informed his conduct has no bearing on whether Metcalf had notice that his conduct was unlawful sufficient for him to form criminal intent: at the time of his offense, it had been explicitly certified to him by the State of Montana that his conduct was lawful and constitutionally protected. *See* Mont. Code Ann. § 45-8-360.

While the Supreme Court's decision in *Rehaif* focused on the defendant's knowledge of status, the thrust of that decision was "scienter's importance in separating wrongful from innocent acts". *Rehaif*, at 231. Noting that "possession of a gun can be entirely innocent", the Court determined it is the defendant's "status" as a prohibited person "that makes the difference". *Id*. "Without knowledge of that

8

status, the defendant may well lack the intent needed to make his behavior wrongful. His behavior may instead be an innocent mistake to which criminal sanctions normally do not attach." *Id*. A different element makes "the difference" in this case.

Metcalf urges this Court to apply *Rehaif's* "presumption in favor of scienter" to §922(q)(2)(A)'s prohibition against possessing firearms within an unmarked school zone to the unique circumstances of this case: (1) The Act's deferral to the states to determine what "qualified under law" and "verified" mean, coupled with (2) Montana's publication by its laws that it had complied with the statute and granted individuals like Gabriel an active license, and (3) the District Court's after-the-fact determination that Montana's law failed to do what it said it did. These circumstances have conspired to create a unique situation where, like in *Rehaif*, Metcalf "lack[ed] the intent needed to make his behavior wrongful", only concerning a fourth element that differs from *Rehaif's* "status" element. *Rehaif*, at 232.

Applying the reasoning of *Rehaif* to Metcalf's inability to form criminal intent under these circumstances demands the same result. "[C]onsistent with a basic principle that underlies the criminal law" is the "understanding that an injury is criminal only if inflicted knowingly". *Rehaif*, at 231. This is no less true when the fourth element concerns an unmarked gun free zone of which the public is not provided notice than it is when it concerns one's knowledge of their prohibited status. Montana's published assurance that it had licensed citizens like Metcalf in

9

compliance with §922(q)(B)(ii) is what makes his lack of criminal intent a matter of law: if Metcalf wasn't licensed as Montana told him he was, then the State's act of passing a bad law in 1995 is the conduct that must "make[] the difference" in demonstrating his intent was criminal. *Rehaif*, at 231. *Rehaif* demands application of its essential principle to Metcalf's fourth element in this unique circumstance.

Montana's role under §922(q)(B)(ii) was to issue licenses. Its enactment of a law in 1995 that explicitly purported to license Metcalf in compliance with the Act establishes an absence of criminal intent as a matter of law. Metcalf's facts provide a path for an extremely narrow ruling from this Court on the *Rehaif* issue. Metcalf engaged in his act of possession when the Act told him he could possess a firearm – even on his sidewalk – if he had a license. The Act put his state in charge of issuing licenses, and the State of Montana told Metcalf he had one. Application of the *Rehaif* principle beyond knowledge of status under these circumstances is essential to ensure the criminal law does not serve to convict a citizen who "lack[ed] the intent needed to make his behavior wrongful". *Rehaif*, at 232.

### III. CONCLUSION

If Metcalf's Montana license did not protect him from this conviction on grounds previously raised, the law misinformed him to a degree that the principles underpinning *Rehaif* must be narrowly applied to §922(q)(2)(A)'s fourth element.

SUBMITTED June 30, 2025     /s/ Russell A. Hart

## IV. CERTIFICATE OF COMPLIANCE

I hereby certify that this Supplemental Brief of Defendant-Appellant is in compliance with Ninth Circuit Rule 32(a). The Brief's line spacing is double spaced. The brief is proportionately spaced, the body of the argument has a Times New Roman typeface, 14 point size and contains less than 14,000 words at an average of 280 words (or less) per page, including footnotes and quotations. (Total number of words: 2,474 excluding tables and certificates). In compliance with this Court's Order of June 16, 2025, the body of the Brief is 10 pages or less.

DATED this 30th day of June, 2025.

/s/ Russell A. Hart
RUSSELL A. HART
Federal Defenders of Montana
Counsel for Defendant

## V. CERTIFICATE OF SERVICE
## Fed.R.App.P. 25

I hereby certify that on June 30, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States Court of appeals for the Ninth Circuit by using the appellate CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third-party carrier for delivery within 3 calendar days, to the following non-CM/ECF participants:

GABRIEL COWAN METCALF
430 Broadwater Avenue
Billings, MT 59101

    Defendant-Appellant

                                                /s/ Russell A. Hart
                                                RUSSELL A. HART
                                                Federal Defenders of Montana
                                                      Counsel for Defendant