No. 24-4818

In the United States Court of Appeals
For the Ninth Circuit

———————————

**United States of America**,
Plaintiff-Appellee,

v.

**Gabriel Cowan Metcalf**,
Defendant-Appellant.

———————————

On Appeal from the United States District Court
for the District of Montana
D.C. No. CR-23-103-BLG-SPW

———————————

**Supplemental Brief of the United States**

———————————

Kurt G. Alme
United States Attorney

Thomas K. Godfrey
Assistant U.S. Attorney
District of Montana
2601 2nd Avenue North
Suite 3200
Billings, MT 59101
Telephone: (406) 657-6101

Attorneys for Appellee

## TABLE OF CONTENTS

Table of Contents .................................................................................. ii

Table of Authorities ............................................................................. iii

    I. Metcalf never raised or argued before the district court that the United States had to prove he knew he did not meet the exceptions in 922(q)(2)(B) and the defendant waived his right to appeal on this issue. ................. 3

    II. It is not an element of 922(q)(2)(A) that the defendant knew he was not covered by the exceptions in 922(q)(2)(B). ........................................................................... 6

Statement of Related Cases ............................................................. 11

Certificate of Compliance ................................................................ 12

Certificate of Service ....................................................................... 13

# TABLE OF AUTHORITIES

### Cases

*AMA Multimedia, LLC v. Wanat,*
  970 F.3d 1201 (9th Cir. 2020) .................................................................. 3

*Baccei v. United States,*
  632 F.3d 1140 (9th Cir. 2011) .................................................................. 3

*McKelvey v. United States,*
  260 U.S. 353 (1922) .................................................................................. 8

*Rehaif v. United States,*
  588 U.S. 225 (2019) ............................................................................. 2, 6

*United States v. Benamor,*
  937 F.3d 1182 (9th Cir. 2019) .............................................................. 2, 8

*United States v. Burns,*
  2017 WL 2651983 (N.D. Cal. June 20, 2017) ......................................... 9

*United States v. Gravenmeir,*
  121 F.3d 526 (9th Cir. 1997) ................................................................ 2, 9

*United States v. Green,*
  962 F.2d 938 (9th Cir. 1992) ......................................................... 2, 9, 10

*United States v. Royal,*
  731 F.3d 333 (4th Cir. 2013) .................................................................... 8

*United States v. Sineneng-Smith,*
  590 U.S. 371 (2020) .................................................................................. 3

### Statutes

18 U.S.C. 921(a)(3) ........................................................................................ 8

18 U.S.C. § 922(g) ......................................................................................... 6

18 U.S.C. § 922(*o*) ......................................................................................... 9

18 U.S.C. § 922(q) ................................................................................................ 4

18 U.S.C. § 922(q)(2)(A) ............................................................................. 1, 2, 7, 8

18 U.S.C. § 922(q)(2)(B) ................................................................................ 1, 4, 7

18 U.S.C. § 922(q)(B)(iii) ..................................................................................... 4

18 U.S.C. § 924 ...................................................................................................... 6

18 U.S.C. § 924(a)(2) ............................................................................................ 6

18 U.S.C. § 924(a)(4) ............................................................................................ 6

## INTRODUCTION

It is not disputed that Gabriel Metcalf had the mental state required to meet the material elements of 18 U.S.C. § 922(q)(2)(A): he knew he possessed a firearm in a place he knew or had reasonable cause to believe was a school zone.[1] Metcalf agreed with the United States with respect to the elements of the offense in the plea agreement and the plea colloquy and, indeed, offered the same elements in his proposed jury instructions. And, in exchange for a benefit from the government, Metcalf waived his right to appeal any argument that his conduct did not fall within the statute of conviction.

The argument that the United States was required to prove that Metcalf knew he did not fall within one of the exceptions set forth in 18 U.S.C. § 922(q)(2)(B) is waived by his failure to raise the issue on appeal

---

[1] Metcalf was expressly informed that he was within 1,000 feet of a school, PSR ¶ 17, and that his "patrolling" the street across from Broadwater Elementary School with a rifle was frightening the school's staff, students, and teachers. PSR ¶ 16. When informed that his actions violated federal law, Metcalf "replied that the Gun Free School Zone Act was unconstitutional." PSR ¶ 20. Nowhere in the record did Metcalf come forward with an argument that, at the time of the offense, he believed he was in compliance with Federal law because he believed he was licensed by the state to possess a firearm in a school zone.

and his barred by his plea agreement. It is also incorrect. The exceptions to the application of 18 U.S.C. § 922(q)(2)(A) are not elements of the offence but must be raised as affirmative defenses. *See United States v. Green,* 962 F.2d 938, 941 (9th Cir. 1992) ("[A] defendant who relies on an exception to a statute made by a proviso or distinct clause, whether in the same section of the statue or elsewhere, has the burden of establishing and showing that he comes within the exception."); *United States v. Gravenmeir*, 121 F.3d 526, 528 (9th Cir. 1997) (applying this principle to the statutory exceptions to possession of a machine gun under 18 U.S.C. § 922(*o*)). This Court has held that principles of *Rehaif v. United States*, 588 U.S. 225 (2019), do not apply in such cases. *See United States v. Benamor*, 937 F.3d 1182, 1186 (9th Cir. 2019) (*Rehaif* does not apply to the antique firearm affirmative defense).

    As a factual matter, Metcalf never argued that he believed he was licensed under Montana to carry a firearm in a school zone, and, as a legal matter, any argument that he had such a belief has been waived and would, in any event, be irrelevant.

# ARGUMENT

**I. Metcalf never raised or argued before the district court that the United States had to prove he knew he did not meet the exceptions in 922(q)(2)(B) and the defendant waived his right to appeal on this issue.**

"It is the parties who 'frame the issues for decision,' and we may entertain only those arguments 'bearing a fair resemblance to the case shaped by the parties.'" *AMA Multimedia, LLC v. Wanat*, 970 F.3d 1201, 1214 (9th Cir. 2020) (*quoting United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020)); *see also Baccei v. United States*, 632 F.3d 1140, 1149 (9th Cir. 2011) ("[W]e will not reframe an appeal to review what would be in effect a different case than the one decided by the district court.").

In exchange for a benefit from the government, Metcalf expressly waived his right to appeal any aspect of his case other than the right to appeal the denial of his motion to dismiss:

> Based on the concessions made by the United States, the defendant knowingly waives any right to appeal or collaterally attack any aspect of the sentence, including conditions of probation or supervised release. *This waiver includes challenges to the constitutionality of any statute of conviction and arguments the admitted conduct does not fall within any statute of conviction.* This waiver does not prohibit the right to pursue a collateral challenge alleging ineffective assistance of counsel. This waiver

3

> does not prohibit the right to appeal the denial of the defendant's motion to dismiss.

SER-58 (emphasis added); *see also* ER-151-152. In his motion to dismiss Metcalf asserted his case should be dismissed for two reasons:

> (1) prosecution is precluded because he meets the exception at 18 U.S.C. § 922(q)(B)(iii), and (2) §922(q)(2)(A) is an unconstitutional infringement on the right to bear arms protected by the Second Amendment of the United States Constitution.

ER 151-52. That motion was accompanied by a memorandum in support. ER 135-150.

Nowhere in his motion or accompanying memorandum in support does Metcalf raise the issue that the government was required to prove that Metcalf knew that he did not fall within any of the exceptions listed in 18 U.S.C. § 922(q)(2)(B), nor did he even discuss the mens rea requirements of § 922(q). In his argument regarding the Montana licensure statute Metcalf argues that the Montana licensure statute meets the requirements of the federal exemption under § 922(q)(2)(B)(ii). ER 137-139. It is purely an argument that the Montana statute meets the federal requirements and thus § 922(q)(2)(A) "does not apply." *Id.* In Metcalf's reply to the government's response Metcalf goes into even greater depth as to his

4

argument that the Montana statute meets the federal requirement, again without ever discussing a mens rea or knowledge requirement. ER 90-96. This is illustrated by the fact the district court's order denying the motion to dismiss also does not discuss mens rea but only whether the Montana statute complies with the federal exemption. ER 70-77.

In fact, Metcalf never argued before the district court at any point during the case that the United States had to prove that he knew he was not covered by the exceptions in 922(q)(2)(B). The only filing that Metcalf made before the district court that addressed the mens rea requirements of § 922(q) was his proposed jury instruction which as to the mens rea element stated "Second, the defendant possessed the firearm in a place he knew or had reasonable cause to believe was a school zone." SER-62. This matched the mens rea requirement that Metcalf admitted to in his plea agreement. SER-54. His proposed jury instructions did not even mention § 922(q)(2)(B)(ii). SER-62.

Metcalf has waived any argument that the United States had to prove he knew he did not meet the requirements of the exception under

5

922(q)(2)(B) by both never raising that issue and pursuant to the appeal waiver in his probation plea agreement.

## II. It is not an element of 922(q)(2)(A) that the defendant knew he was not covered by the exceptions in 922(q)(2)(B).

In *Rehaif*, the Supreme Court held that a defendant's knowledge "that he fell within the relevant status (that he was a felon, an alien unlawfully in this country, or the like)" is an element of a Section 922(g) offense. 588 U.S. at 227. The Supreme Court noted that "knowingly" as used in 18 U.S.C. § 924(a)(2) applies to each of the subsequently listed elements of the crimes listed in 922(g). *Id.* at 230-231. The section of 18 U.S.C. § 924 that covers the crime Metcalf pled guilty to is § 924(a)(4).

Section 924(a)(4) reads:

Whoever violates section 922(q) shall be fined under this title, imprisoned for not more than 5 years, or both. Notwithstanding any other provision of law, the term of imprisonment imposed under this paragraph shall not run concurrently with any other term of imprisonment imposed under any other provision of law. Except for the authorization of a term of imprisonment of not more than 5 years made in this paragraph, for the purpose of any other law a violation of section 922(q) shall be deemed to be a misdemeanor.

18 U.S.C. § 924(a)(4).

6

Unlike 924(a)(2) which governs the 922(g) offenses, 924(a)(4) does not contain the word "knowingly", and that is because § 922(q)(2)(A) includes its own mens rea requirement for each of the material elements unlike the 922(g) offenses. It reads:

> It shall be unlawful for any individual knowingly to possess a firearm that has moved in or that otherwise affects interstate or foreign commerce at a place that the individual knows, or has reasonable cause to believe, is a school zone.

18 U.S.C. § 922(q)(2)(A).

Thus, the mens rea for a violation of 18 U.S.C. § 922(q)(2)(A) the United States had to prove that Metcalf knew he possessed a firearm and knew he was in or had reasonable cause to believe he was in a school zone.

Metcalf did not argue that the knowledge requirement in 18 U.S.C. § 922(q)(2)(A) somehow extends to each of the seven exemptions under 18 U.S.C. § 922(q)(2)(B). Moreover, even had he made that argument it would not have been successful. This Court has not extended the holding of *Rehaif* to cover exemptions and affirmative defenses to crimes contained in other statutes and clauses. Nor would it make sense to do so, because Congress created a specific mens rea—"knowing[]" as to firearm possession" and "know[ing], or ha[ving]

7

reasonable cause to believe" the place was a school zone. 18 U.S.C. § 922(q)(2)(A).

In an analogous case, *Benamor*, this Court noted that "antique firearms" are exempted from the definition of a firearm under 18 U.S.C. 921(a)(3) and the defendant argued that under *Rehaif* the United States had to prove that the defendant knew his firearm was not an antique. 937 F.3d at 1186. This Court held that the exception is an affirmative defense and noted that "this uniform holding flows from "the longstanding principle that 'an indictment or other pleading founded on a general provision defining the elements of an offense need not negative the matter of an exception made by a proviso or other distinct clause."[2] *Id.* citing *United States v. Royal*, 731 F.3d 333, 338 (4th Cir. 2013) (quoting *McKelvey v. United States*, 260 U.S. 353, 357 (1922).

Here, 922(q)(2)(B) is a distinct clause from the "know[ing] or "know[ing], or ha[ving] reasonable cause to believe" requirements of the elements of 922(q)(2)(A). Unlike in *Rehaif* in which "knowing" mens rea

---

[2] It is telling that the challenges in *Benamor* were to the jury instructions and sufficiency of the evidence, 937 F.3d at 1186, while Metcalf's proposed jury instructions never raised the issue, and he has not challenged the adequacy of his guilty plea.

8

under § 924(a)(2) applied to all the § 922(g) offenses, all of the elements of 922(q)(2)(A), including the mens rea, are contained in that section. No such mens rea requirement is contained in 922(q)(2)(B), making it like the antique firearm exception in *Benamor*, an affirmative defense. *See United States v. Burns*, 2017 WL 2651983, at *6-*7 (N.D. Cal. June 20, 2017), *rev'd on other grounds*, 790 Fed. Appx. 93 (holding that the exceptions under 922(q)(2)(B) are affirmative defenses); *see also Gravenmeir*, 121 F.3d at 528 (statutory exceptions to possession of a machine gun under 18 U.S.C. § 922(*o*) are affirmative defenses); *Green,* 962 F.2d at 941. Even if the case had gone to trial, the United States would not have to prove that Metcalf did not know he did not meet any of the seven exemptions.

This was also Metcalf's own understanding of the mens rea of 922(q)(2)(A) as indicated in his own proposed jury instruction. SER-62. Further, it matches the elements contained in the plea agreement that Metcalf signed. SER-54. Both parties agreed that was the mens rea requirement at the plea colloquy and Metcalf stated he understood. SER-41-42. At that colloquy neither Metcalf nor his attorney raised or argued that Metcalf needed to know that he did not meet one of the

9

exceptions. *Id.* And the mens rea is clearly met here as Metcalf at the very least had reasonable cause to know he was in a school zone as he committed the offense while standing directly in the street facing an elementary school he had lived across from for years. PSR ¶ 12-16.

## CONCLUSION

At no point in the case did Metcalf cite *Rehaif* or argue that the United States had to prove that he knew that he did not qualify for the exception under 922(q)(2)(B). He waived his right to appeal any issues outside of his motion to dismiss which did not raise this argument. But even if he had raised the issue and not waived his right to appeal 922(q)(2)(B) is a separate clause that details exceptions not covered by the knowing requirement of 922(q)(2)(A). Metcalf pled guilty to the elements of the charge of 922(q)(2)(A) and agreed with those elements at the plea colloquy and in his plea agreement.

DATED this 30th day of June, 2025.

Respectfully submitted,

KURT. G. ALME
United States Attorney

*/s/ Thomas K. Godfrey*
THOMAS K. GODFREY
Assistant United States Attorney

10

## STATEMENT OF RELATED CASES

The government is not aware of any related cases.

# CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(a)(7)(C) and Ninth Circuit Rule 32-1, I certify that the attached answering brief is proportionately spaced, has a typeface of 14 points or more, and the body of the argument contains 2,101 words.

DATED: June 30, 2025    */s/ Thomas K. Godfrey*
　　　　　　　　　　　　THOMAS K. GODFREY
　　　　　　　　　　　　Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on June 30, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

<u>/s/ Thomas K. Godfrey</u><br>
K<small>URT</small> G. A<small>LME</small><br>
United States Attorney